T.C. Memo. 1997-185

UNITED STATES TAX COURT

KATHLEEN J. KELLY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10304-94.                    Filed April 21, 1997.

Kathleen J. Kelly, pro se.

<u>Veena Luthra</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent
determined a deficiency in petitioner's Federal income tax for
1989 in the amount of $4,511 and additions to tax pursuant to

---

[1]     Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

sections 6651(a) and 6654(a) in the amounts of $685.75 and $172.05, respectively. After a concession,[2] the issues for decision are whether petitioner is entitled to a Schedule A deduction claimed for unreimbursed employee business expenses, and whether petitioner is entitled to a Schedule C deduction claimed for amounts paid in connection with petitioner's activity carried on to create awareness and support for the country of Haiti.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by this reference. Petitioner resided in Virginia Beach, Virginia, at the time her petition was filed.

During the tax year in question, petitioner was employed on a full-time basis by Pitney Bowes as a carrier management specialist, a customer service and sales position in the Washington, D.C., area. Petitioner estimated that she worked 60 hours per week for Pitney Bowes.

Petitioner's job with Pitney Bowes required that she drive to see customers. Petitioner leased a car during 1989. With respect to automobile expenses incurred, petitioner completed field travel reimbursement expense reports which she submitted to Pitney Bowes, and she was reimbursed by her employer based on these reports. The reimbursement expense reports show a date,

---

[2] Petitioner conceded that she had unreported wage income in the amount of $29,848 for the tax year 1989.

daily mileage, and parking expense reported in 2-week intervals. The record contains reimbursement expense reports for the months of July, August, September, October, and December 1989. Petitioner did not keep other records of her business use of her car. Petitioner's evidence shows that she paid automobile insurance premiums totaling $1,740.61 during the year in issue.

Petitioner also worked for the Whitman-Walker Clinic in an AIDS awareness program. She estimated that she devoted approximately 20 hours each week to the clinic.

In May 1989, petitioner traveled to Haiti with a group on a tour. The trip was petitioner's first to the country, and the experience had a significant impact upon her. Petitioner became interested in helping the people of Haiti and wanted to create a group in Washington, D.C., to provide tours similar to the one she had experienced. In June 1989, petitioner started to engage in activities designed to create an interest in and provide support for Haiti and, in doing so, she used the name Too Close To Home. Petitioner carried on her activity during her lunch hours and in the time between her other jobs. Petitioner hoped to create a job for herself through her activity.

Sometime during the end of 1989, petitioner rented a portion of a house located at 69 Observatory Circle, N.W., Washington, D.C., at a cost of $375 a month. This was the address for Too Close To Home.

In early fall of the year in issue, petitioner participated in a festival held in Adams Morgan, an area of Washington, D.C. Petitioner had a booth for Too Close To Home where she handed out balloons imprinted with messages. The record contains a receipt for a $300 cash deposit petitioner paid for the order of the imprinted balloons.

During the year in issue, petitioner organized a Haitian tour for four people. In November 1989, petitioner traveled to Haiti with the tour group. Petitioner charged each individual $300 in addition to the cost of his or her airline ticket. Petitioner applied the $300 to the cost of room and board in Haiti, and she distributed the remaining amount to various charities that the group visited in Haiti.

On December 3, 1989, petitioner organized and cohosted an art show for the benefit of the orphans of Haiti. Petitioner estimated that the postcards announcing this event cost $800 to produce.

Petitioner's records of the expenses paid for Too Close To Home are virtually nonexistent. Petitioner maintained a bank account in the name of Too Close To Home. Petitioner did not keep any records detailing the purpose for which funds were expended. The checking account records show that the following amounts were paid from this account in 1989. In November, three checks totaling $2,043 to Omega Travel for plane tickets were paid. Petitioner wrote a check to 69 Observatory Circle in the

amount of $375 on December 5, 1989, for December rent.  Two checks were drawn on this account in the amounts of $704.70 and $498 to pay petitioner's car insurance premiums.  During the latter part of 1989, petitioner deposited her paychecks from Pitney Bowes into this account.

Petitioner quit her Too Close To Home activity at the end of 1989.  Later, petitioner revived Too Close To Home as a charitable corporation, but it remained active less than 1 year.

On March 1, 1994, respondent issued a notice of deficiency to petitioner for the tax year 1989.  Respondent determined that petitioner had unreported wage income in the amount of $29,848.  After allowing for the standard deduction, respondent determined a deficiency in petitioner's Federal income tax for 1989 in the amount of $4,511.  Respondent further determined an addition to tax in the amount of $685.75 pursuant to section 6651(a), for failure to file a return within the prescribed time, and an addition to tax pursuant to section 6654(a), for the underpayment of estimated taxes.

After receiving the notice of deficiency, petitioner filed her Federal income tax return for 1989.  Petitioner reported wage income of $29,848.  On Schedule A of the Form 1040, petitioner reported State and local taxes in the amount of $1,283 and a deduction for unreimbursed employee business expenses for automobile expense in the amount of $8,404 above the 2-percent floor.  Petitioner deducted only $8,404 as itemized deductions.

On Schedule C of Form 1040 filed with respect to her activity, Too Close To Home, petitioner reported gross receipts in the amount of $1,200 less cost of goods sold and/or operations in the amount of $1,200. In addition, petitioner claimed expenses totaling $8,000 and deducted a loss from this activity in the amount of $8,000. Respondent received petitioner's return for the year in issue on September 1, 1995.

Respondent's determinations are presumed correct, and petitioner has the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Deductions against income are allowed as a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must maintain adequate records to substantiate the amount of any deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Generally, when evidence shows that a taxpayer incurred a deductible expense but the exact amount cannot be determined, the Court may approximate the amount. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). An exception to the Cohan rule is section 274(d), which prohibits the estimation of expenses with respect to certain listed property. Listed property includes automobiles and computers. Sec. 280F(d)(4).

Section 274(d) requires substantiation of these expenses either "by adequate records or by sufficient evidence corroborating the taxpayer's own statement". Petitioner must

substantiate the amount of each separate expenditure, the amount of business and total use of the property, the date of the expenditure or use, and the business purpose for the expenditure or use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Based on the mileage reported on petitioner's reimbursement expense reports, on brief respondent concedes that petitioner is entitled to a deduction for automobile expenses in the amount of $827.94 using the standard mileage rate. Respondent contends that petitioner has failed to substantiate automobile expense in excess of this amount. We agree.

It is clear that petitioner paid some automobile insurance premiums during 1989. She provided evidence of insurance expense in the amount of $1,740.61. Petitioner has not established any amount paid for the lease of her car. Petitioner testified that she claimed 95 percent of her automobile expense as attributable to business usage of her car. However, petitioner maintained no records which would indicate that the business usage of her car was 95 percent. Petitioner has not met the requirements of substantiation under section 274(d). Accordingly, she is not entitled to a deduction for automobile expense in excess of the amount conceded by respondent.

Petitioner contends that she is entitled to a deduction in the amount of $1,155 for expense incurred with respect to the use of a computer in her work for Pitney Bowes. Petitioner testified

that she leased a computer which she used to organize her accounts. Petitioner introduced copies of two invoices for monthly lease payments. There is no evidence in the record that petitioner paid either of these bills. In addition, petitioner did not maintain any records of her business use of the computer as required by section 274(d). Thus, petitioner has not established that she is entitled to any deduction for the business use of the computer.

Petitioner contends that she incurred an $8,000 loss in her Too Close To Home activity in 1989, and she argues that she is entitled to deduct the amount of this loss in that year. On brief respondent requests that we find the following facts: "Petitioner carried on the Too Close To Home activity from June 1989 to December 1989. She incurred an $8,000 loss with respect to this activity during the taxable year." We accept this as a concession as to the amount of the loss incurred by petitioner. Respondent argues, however, that petitioner did not engage in this activity for profit, and that she is therefore not entitled to deduct this amount.

Section 162 allows deductions for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 183 generally limits allowable deductions to the extent of gross income generated by "an activity not engaged in for profit". Sec. 183(b). Whether petitioner was engaged in the activity for profit depends on whether she undertook the activity

"with an 'actual and honest objective' of making a profit." Elliott v. Commissioner, 90 T.C. 960, 970 (1988), affd. without published opinion 899 F.2d 18 (9th Cir. 1990). Whether petitioner possessed the necessary intention of making a profit is a question of fact to be determined on the basis of all the facts and circumstances. Taube v. Commissioner, 88 T.C. 464, 480 (1987).

The regulations set forth the following nonexclusive factors to consider in determining whether an activity is engaged in for profit: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation were involved. Sec. 1.183-2(b), Income Tax Regs.

Considering the relevant factors contained in the regulation, we conclude that petitioner did not engage in her Too Close To Home activity for profit. Petitioner did not carry on the activity in a businesslike manner. Although she maintained a bank account for Too Close To Home, it was not used exclusively

for those purposes. Petitioner paid expenses not associated with the activity, such as her insurance premiums, from the account. Petitioner had no business records for the activity. Petitioner had no expertise in providing tours, nor did she have any special knowledge of Haiti. Petitioner did not devote much of her time to Too Close To Home. She worked 80 hours a week in her jobs and carried on Too Close to Home during lunch and between jobs. Petitioner did not carry on Too Close To Home for profit during the year in issue. Therefore, her deductions are limited to the income derived from the activity, which was zero. Petitioner offered no evidence to support a deduction for State and local income taxes. Therefore, she is not entitled to a deduction.

Respondent determined an addition to tax as a result of petitioner's failure to file a timely return. Section 6651(a)(1) imposes an addition to tax for failure to file a timely tax return. The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not more than 1 month. Sec. 6651(a)(1). An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax. Id. The addition to tax is applicable unless petitioner establishes that the failure to file was due to reasonable cause and not willful neglect. Id.

Petitioner's 1989 return was received by respondent on September 1, 1995. Petitioner offered no testimony or evidence

that the late filing was due to reasonable cause. Accordingly, she has not established that the addition should not apply. The determination of respondent is sustained.

Section 6654(a) imposes an addition to tax if the total tax withheld, or the estimated tax payments made during the year, do not equal the percentage of liability required under the statute to be paid as estimated tax, subject to limited exceptions. Sec. 6654. Petitioner offered no testimony or evidence that an exception applies. Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.[3]

---

[3] Although respondent conceded that petitioner is entitled to automobile expense in the amount of $827.94, a Rule 155 computation is unnecessary because this amount does not exceed the standard deduction used by respondent in determining the amount of the deficiency.